GARZA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-279-CR

RAUL VILLEGAS GARZA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Raul Villegas Garza appeals from his conviction by a jury for the offense of indecency with a child.  In his sole point, appellant argues that the evidence is factually insufficient to support his conviction.  We affirm. 

Background Facts 

In December 2002, appellant married Kristie Garza, who had five children from a previous marriage.  Initially, Kristie and her children lived with appellant in his two-bedroom apartment in Granbury, Texas.  In the summer of 2003, the family moved into a three-bedroom home.  Appellant underwent knee surgery on July 8, 2003 and as a result was unable to work at his job as a mechanic.  Appellant spent several weeks at home recuperating.  

According to S.R.A., Kristie’s oldest daughter, once during that summer, appellant called her into his bedroom and told her to lie on the bed with him.   After S.R.A. did as she was told, appellant placed his hand under S.R.A.’s nightie and rubbed her breasts.  On other occasions, appellant touched S.R.A’s “private,” the side of her breast, and her pubic hair.  In another incident, appellant placed S.R.A.’s hand on his penis and tried to kiss her.  S.R.A. testified that appellant once asked her to be his mistress and told her they could go to Fort Worth and rent a motel and tell everyone they were going bowling.   Kristie’s middle daughter, J.M.S., also testified that appellant called her into his bedroom and had her lie down on the bed with him.  Appellant then rubbed J.M.S.’s breast with one hand and rubbed and squeezed her “butt” with his other hand.  According to J.M.S., appellant pulled her close and kissed her while rocking back and forth.  On another occasion, appellant placed his hand between J.M.S.’s legs and “went back and forth.”  Appellant told J.M.S. that she could have sex with him when she turned eighteen because it is not illegal for a stepfather and stepdaughter to have sex. 

Neither girl immediately told anyone what had happened.  Kristie did not find out about the abuse until she overheard a telephone conversation between appellant and S.R.A. in which S.R.A. confronted appellant about his touching J.M.S.  Both girls then told Kristie what appellant had done to them.  Although appellant later admitted to Kristie that he had touched both girls, Kristie did not immediately report the abuse to authorities.  In fact, she did so only after her sister found out about the abuse and encouraged her to call the police.  Appellant was charged with two counts of indecency with a child for touching S.R.A. and two counts of indecency with a child for touching J.M.S.  
See 
Tex. Penal Code Ann.
 § 21.11 (Vernon 2003). 

At trial, S.R.A., J.M.S. and Kristie testified for the State.  Appellant testified and denied touching S.R.A. and J.M.S.  He also denied that he admitted to Kristie that he had touched the girls.  He testified that he was born without testicles and was not interested in or capable of having sex.  Appellant testified that he and Kristie took the children to visit their grandparents in Tennessee on July 3, 2003, five days before he had his knee surgery.  The children stayed with their grandparents in Tennessee until August 8, 2003.   Appellant testified that he started working as a teacher at a Fort Worth school on August 11, 2003, leaving only a narrow window of time in which he could have touched the girls. 

Appellant testified that the girls falsely reported that he had abused them because he had disciplined them for getting bad grades in school.  S.R.A. testified that she had been mad at appellant for disciplining her.  Appellant testified that S.R.A. would get upset when he showed favoritism toward Kristie’s youngest daughter.  Appellant testified that even after Kristie learned of the allegations of abuse, she allowed him to take her daughters on trips to Fort Worth. 

Contrary to appellant’s testimony, Kristie testified that not only was appellant able to have sex but that she was not able to keep up with him sexually.  Similarly, appellant’s ex-wife, Priscilla Kendall, testified that appellant was able to have sex and described his sexual appetite as “excessive.”  In addition, Hood County Investigator Gay Johnson testified that appellant had told her that he and Kristie had “wild sex.”  

Kendall’s daughter, F.O., testified that when appellant was married to her mother, appellant would squeeze F.O.’s “butt,” kiss her, and stick his tongue in her mouth.  Moreover, appellant’s niece, R.Y., testified that she and her mother, Rachel Guerra, had previously lived with appellant in Hood County.   R.Y. testified that on several occasions appellant would touch her breasts and her crotch.  R.Y., who is now married with a child, testified that she told Guerra that if she did not support her claims against appellant, R.Y. would not let Guerra see her granddaughter.  Guerra testified that appellant admitted to her that he had touched R.Y. 

The jury found appellant guilty on all four counts.  The jury then assessed appellant’s punishment at twenty years’ confinement for each count, the sentences to run concurrently. 

Factual Sufficiency

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
. 

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for that of the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports and contradicts the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Here, the two complainants testified that appellant touched them in a sexual manner.  Moreover, appellant’s testimony that he was not interested in sex and not capable of having sex was controverted by the testimony of his wife, his ex-wife, a Hood County investigator, and several witnesses who claimed that appellant had sexually abused them.  As the fact finder, the jury was entitled to believe the complaining witnesses’ testimony and to not believe appellant’s testimony.  Thus, 
considering the evidence in a neutral light, we hold that the jury was rationally justified in finding appellant’s guilt beyond a reasonable doubt
.  We overrule appellant’s sole point.  

Conclusion
  

Having overruled appellant’s sole point, we affirm the trial court’s judgment.  

PER CURIAM

PANEL F: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 9, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.